UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DEAN A. TRAN, )<br>)<br>Defendant. )<br>) | )<br>)<br>) Criminal No.<br>) 24-10178-FDS<br>)<br>)<br>) |

ORDER ON DEFENDANT'S MOTION TO DISMISS
COUNT FOUR OF THE INDICTMENT

**SAYLOR, C.J.**

Defendant Dean Tran has been charged in a five-count indictment with obstruction of justice in violation of 18 U.S.C. § 1512(c) (Counts One through Three); making false statements in violation of 18 U.S.C. § 1001(a)(2) (Count Four); and perjury in violation of 18 U.S.C. § 1623(a) (Count Five). He has moved to dismiss Count Four on four grounds: (1) the "judicial function" exception applies to his allegedly false statements; (2) the allegedly false statements are not sufficiently pleaded as a "matter within the jurisdiction of the executive branch of the Government"; (3) the allegedly false statements are literally true; and (4) the statute, 18 U.S.C. § 1001, is unconstitutional under the First and Fourteenth Amendments of the Constitution. For the following reasons, the motion will be denied.

**I.    Whether the Judicial Function Exception Applies**

The judicial function exception to 18 U.S.C. § 1001 is as follows:

> Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

18 U.S.C. § 1001(b).

The indictment alleges that "[o]n or about June 22, 2023, during the execution of a federal search warrant at [Tran's] residence, TRAN participated in an interview with FBI, DOL-OIG, and IRS-CI Special Agents." (Indt. ¶ 29).  It further alleges that "[d]uring that interview, TRAN falsely stated that MARTIN had written the TRAN-Revised Employment Offer Letter . . . [and that] TRAN falsely stated that MARTIN's signature appeared on the TRAN-Revised Employment Offer Letter."  (Indt. ¶ 30).

Tran's statements to law-enforcement agents who were in the process of executing a search warrant at his residence.  The allegedly false statements were not submitted by Tran to a "judge or magistrate" in a "judicial proceeding," and, therefore, the judicial function exception under § 1001(b) does not apply.

**II.    Whether the Allegedly False Statements Were Sufficiently Pleaded as a "Matter Within The Jurisdiction of the Executive Branch of the Government"**

Count Four reads as follows:

> On or about June 22, 2023, in the District of Massachusetts and elsewhere, the defendant, DEAN TRAN [], in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, an investigation by the Federal Bureau of Investigation, the Department of Labor – Office of Inspector General, and the Internal Revenue Service – Criminal Investigations concerning TRAN's unemployment benefit fraud, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, as described in paragraph 30 of this Indictment.

Indt. ¶ 49.  Tran contends that "legal conclusions" and "bald statement[s]" render the allegations pleaded in the Indictment insufficient as a matter of law.  *See* Def. Mot. at 3.

It is well-settled that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute

2

the offense intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). "When grading an indictment's sufficiency, we look to see whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Cameron*, 699 F.3d 621, 635 (1st Cir. 2012) (quoting *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)); *see United States v. Thompson*, 207 F. Supp. 3d 106, 109 (D. Mass. 2016).

The language in Count Four tracks the statutory language of § 1001(a)(2) and sets forth all the elements of the offense and the nature of the charge in sufficient detail. No more is required by law.

### III.     Whether the Allegedly False Were Literally True

Tran next contends that his statements to the agents were "literally true" and that therefore dismissal of Count Four is required.

"The inquiry at this stage is not whether the government has sufficient evidence to prove the crime, but whether the allegations in the indictment are sufficient on their face." *Thompson*, 207 F. Supp. 3d at 109 (citing *Guerrier*, 669 F.3d at 3–4). The argument that the allegedly false statements to agents were "literally true" is an attack on the sufficiency of the evidence, which is not a proper basis for dismissal prior to a trial on the merits. *See United States v. Rodriguez-Rivera*, 918 F.3d 32, 33 (1st Cir. 2019).

### IV.     Whether 18 U.S.C. § 1001 is Unconstitutional

Finally, Tran contends that 18 U.S.C. § 1001 is unconstitutional because it violates his constitutional rights to equal protection and free speech.

To the extent he contends that § 1001 violates his equal-protection rights because law-

enforcement officers are allowed to engage in deceptive behavior in the course of legitimate law-enforcement activities, while ordinary civilians are not, his argument is without merit. *See United States v. Hughes*, 640 F.3d 428, 439 (1st Cir. 2011) (stating that "some degree of deception" by law-enforcement officers during questioning of a suspect is permissible).

Furthermore, false statements made to law-enforcement officers in the course of their official duties are not protected free speech. *See United States v. Alvarez*, 567 U.S. 709, 719-20 (2012) (noting that "Section 1001's prohibition on false statements made to Government officials, in communications concerning official matters, does not lead to the broader proposition that false statements are unprotected when made to any person, an any time, in any context."); *United States v. Daly*, 756 F.2d 1076, 1081-1082 (5th Cir. 1985) (stating that §1001 "punish[es] actions, not speech.").

Accordingly, Count Four will not be dismissed on the ground that it violates defendant's rights to equal protection or free speech.

### V.     Conclusion

For the foregoing reasons, defendant's motion to dismiss Count Four is DENIED.

**So Ordered.**

Dated: August 9, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court