United States of America
District of Massachusetts

Suffolk, ss.

| United States |
| v. |
| Tran and Martin |

Docket No. 24-cr-10178

**Motion to Dismiss #4**
**Double Jeopardy**

Now comes the Defendant, Dean Tran, who moves to dismiss both Count 1 (Obstruction) and Count 4 (False Statements). As grounds therefore, he submits that this prosecution is barred under the Fifth Amendment based on the prior case (23-cr-10299) against him.

**Argument**

**I.     This Prosecution is barred by the Fifth Amendment**

Mr. Tran was convicted by a jury of several counts of wire fraud. In support of its claims about a scheme to defraud, the Government offered substantially similar evidence used to obtain this indictment. The Government argued about a fraudulent offer letter. It played a tape of allegedly false statements made to the agents executing the search warrant. The second indictment makes use of the same charts and facts as the first indictment. The Government presented the same text messages. It played the same tape DUA tape used to support this second indictment.

Two interlocking principles of the 5th Amendment prevent this prosecution. The first is that since Ashe v. Swenson, 397 U.S. 436 (1970) the Fifth Amendment embodies a collateral estoppel principle.

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that, when an issue of ultimate fact has

1

> once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in United States v. Oppenheimer, 242 U. S. 85.

Ashe, 397 U.S. at 443.  Requiring a practical and non-technical review, Ashe requires that the Court review the record of the earlier conviction and determine what factual findings are obvious from, or implicit in, the earlier trial.

The second principle that Double Jeopardy embraces is that prohibits both multiple trials and multiple punishments.

> That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

North Caroline v. Pierce, 395 U.S. 711, 717 (1969).  Here 2 of the 3 principles are implicated.  Mr. Tran stands to be convicted of a "second prosecution for the same offense after conviction" and "multiple punishments for the same offense."

Irrespective of Mr. Tran's forthcoming appeal, he is now in jeopardy for the same conduct and would be convicted on the same evidence.  Double Jeopardy prohibits this outcome.

Respectfully Submitted,

Dean Tran
By his Attorney
/S/ Michael Walsh
Michael Walsh
BBO 681001
Walsh & Walsh LLP
PO Box 9
Lynnfield, MA 01940
617-257-5496

[Walsh.lynnfield@gmail.com](mailto:Walsh.lynnfield@gmail.com)

**Certificate of Service**

I, Michael Walsh, hereby certify that a copy of this motion was served upon all participating ECF/CM filers on this 3rd day of October, 2024 through the Court's docketing system.

/S/ Michael Walsh