UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v.                                                     )<br>)<br>DEAN A. TRAN,                                 )<br>)<br>         Defendant.                              )<br>) | Criminal No.<br>24-10178-FDS |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND FOUR
OF THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS**

**SAYLOR, C.J.**

Defendant Dean Tran has been charged in a five-count indictment with obstruction of justice in violation of 18 U.S.C. § 1512(c) (Count One) and making false statements in violation of 18 U.S.C. § 1001(a)(2) (Count Four). He has moved to dismiss these counts, contending that they are barred under the Double Jeopardy Clause of the Fifth Amendment as a result of his prior prosecution and conviction for wire fraud and filing false tax returns. For the following reasons, the motion will be denied.

The Double Jeopardy Clause prevents a person from being tried or punished twice for the same conduct. U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life and limb . . . ."). Defendant asserts that the present prosecution would constitute a second prosecution for the same offenses tried in *Tran I* (Docket No. 23-cr-10299-FDS).

*Tran I* involved charges of wire fraud under 18 U.S.C. § 1343 and filing false tax returns under 26 U.S.C. § 7206(1). This case involves charges of obstruction of justice under 18 U.S.C.

§ 1512(c)(2) and making false statements in violation of 18 U.S.C. § 1001(a)(2). Those are distinct sets of offenses for double jeopardy purposes.

Offenses are considered distinct, and thus separate prosecutions for each are allowed, when each offense "requires proof of an additional fact that the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Tran I* offenses required proof of defendant's use of interstate wires and filing of tax returns, elements that are not a part of the offenses charged in this case. The obstruction charge in this case requires proving the existence of an official proceeding, an element not part of either offense charged in *Tran I*. And in this case, the false statement charge is based on conduct that is distinct from that which directly supported the false tax return and wire fraud charges in *Tran I*, and thus is not barred by the Double Jeopardy Clause.

Defendant's complaints about the likely overlap of evidence between the two cases are inapposite. The Supreme Court has clearly stated that, "mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *United States v. Felix*, 503 U.S. 378, 386 (1992). Accordingly, defendant's motion to dismiss Counts One and Four of the indictment on double jeopardy grounds is DENIED.

**So Ordered.**

Dated: November 12, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court